PER CURIAM.
Darron Hughes appeals his conviction for sale of cocaine within 1000 feet of a place of worship. We affirm.
Defendant-appellant Hughes argues that the trial court should have sustained a hearsay objection during trial. The defendant is correct.
The supervising detective testified at trial that after the drug transaction, the detective met with the confidential informant. The detective testified:
A: Yes. Well, before going to the police station, I had to debrief the confidential informant, and he said that — we asked him how the transaction went, and he said that the suspect had asked him to throw the money—
[DEFENSE COUNSEL]: Your Honor, hearsay again. He can’t repeat what someone else told him.
THE COURT: Overruled.
Q: Go ahead.
A: I asked him how the transaction went, and he said that the suspect asked him to throw the money on the ground. And then once he threw the money on the ground, the suspect placed the narcotics on top of the garbage can and told the confidential informant to take it off the garbage can.
The informant’s out-of-court statement to the detective was hearsay, and there is no applicable exception. See § 90.801(1)(c), Fla. Stat. (2007); Love v. State, 971 So.2d 280, 286 (Fla. 4th DCA 2008). We are satisfied, however, that the error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The confidential informant testified at trial regarding the same information.
As to the remaining point on appeal, we agree with the trial court that the State laid a proper foundation for the admission of the videotape into evidence. See Wagner v. State, 707 So.2d 827 (Fla. 1st DCA 1998).
Affirmed.